**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOSEPH L. HICKEY III,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GOVERNMENT EMPLOYEES INSURANCE COMPANY D/B/A GEICO,**<br><br>**Defendant.** | **Civil Action No. 1:26-cv-2459-LMB-WEF** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Government Employees Insurance Company (GEICO or Defendant) submits this Memorandum of Law in support of its motion to dismiss the entirety of the First Amended Complaint (FAC) brought by Plaintiff Joseph L. Hickey III (Plaintiff or Mr. Hickey).

As discussed below, each of the claims in the FAC suffers from a variety of fatal flaws, including a failure to plausibly allege sufficient facts to entitle Plaintiff to relief. As a result, the Court should dismiss each of them with prejudice.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following factual allegations are taken from the First Amended Complaint (FAC) (ECF No. 8), which is the operative pleading in this case.

Plaintiff was hired by GEICO in January 2021, as a call-center associate and later a Service Representative in GEICO's Fredericksburg-area office. FAC ¶ 16. He was promoted multiple

[1] Because Plaintiff has already amended his Complaint once, no additional leave to amend should be granted as Plaintiff's complaint plainly "fails to withstand Rule 12(b)(6) scrutiny." *See In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

times during his employment, and in or around 2023 he was promoted to the role of Service Representative IV. *Id.*

Plaintiff suffers from bipolar disorder. *Id.* at ¶ 2. In March and April 2025, Plaintiff submitted accommodation requests under the Americans with Disabilities Act ("ADA"). *Id.* at ¶ 19. In March 2025, Plaintiff initiated GEICO's existing ADA accommodations process, and he provided documentation to GEICO on April 11, 2025. *Id.* at ¶¶ 34-35. On April 14, GEICO reached back out to Plaintiff, asking his doctor to cure deficiencies in the paperwork. *Id.* at ¶ 39.

GEICO maintains a multi-tiered customer service rating system. *Id.* at ¶ 26. During his employment, Plaintiff suffered performance-based deficiencies. *See id.* at ¶ 30. By his own admission, Plaintiff scored poorly on surveys. *See id.* GEICO attempted to remedy these deficiencies for Plaintiff by providing him with coaching on multiple occasions throughout his employment. *See, e.g.*, *id.* at ¶¶ 58, 71-72.

On May 12, 2025, Plaintiff resigned from his employment with GEICO. *Id.* at ¶ 92. After resigning, Plaintiff filed for unemployment benefits with the Virginia Employment Commission (VEC). *See id.* at ¶ 7. The Company responded to the request by explaining that Plaintiff had resigned his employment. *See id.* at ¶¶ 98-99.

Following Plaintiff's resignation, he also filed a Charge, and subsequently an amended Charge, with the U.S. Equal Employment Opportunity Commission (EEOC), which assigned the Charge No. 570-2025-02807. *Id.* at ¶ 13. On May 29, 2026, the EEOC issued Plaintiff a Notice of Right to Sue letter. *Id.* at ¶ 14. Plaintiff cross-filed his Charge with the Virginia Office of Civil Rights, and the Notice of Right to sue dispensed with the VOCR Charge as well. *Id.* Plaintiff filed this suit on August 7, 2026, within the 90-day statute of limitations. *See* ECF No. 1. On August 25, Plaintiff filed the FAC. ECF No. 8.

The FAC contains eleven counts against GEICO under the ADA and Virginia Human Rights Act ("VHRA"):[2] (1) ADA Failure to Accommodate, (2) ADA Unlawful Qualification Standards and Disability Screen-Out, (3) ADA Disparate Impact, (4) ADA Discrimination, (5) ADA Retaliation, (6) ADA Hostile Work Environment, (7) ADA Discrimination and Retaliation, (8) ADA Interference, (9) ADA Disparate Treatment, (10) VHRA Disability Discrimination, and (11) VHRA Accommodation Denial and Retaliation. GEICO timely moves to dismiss the FAC in its entirety.

## II. LEGAL STANDARD

A motion to dismiss brought under Rule 12(b)(6) tests the sufficiency of a complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016). In order to survive a 12(b)(6) motion, a plaintiff must state a "plausible claim for relief" in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see* Fed. R. Civ. P. 8(a). In evaluating the Complaint, courts "must accept all factual allegations contained" in the Complaint as true. *Couch v. City of Virginia Beach*, 768 F. Supp. 3d 741, 750 (E.D. Va. 2025). At the same time, courts are not required to accept "formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put otherwise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are construed liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "District judges are not mind readers[,]" and courts need not "conjure up questions never squarely presented to them" or "construct full blown claims from sentence fragments." *Id.*; *see also Bracey v. Buchanan*,

[2] These headings are taken directly from the FAC.

55 F. Supp. 2d 416, 421 (E.D. Va. 1999). In short, these liberal construction requirements do not "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Benton v. Layton*, 628 F. Supp. 3d 661, 665 (E.D. Va. 2022).

## III. ARGUMENT

As discussed below, the entirety of the FAC is terminally deficient, and the Court should therefore dismiss each claim contained therein.

### A. Plaintiff's Failure to Accommodate Claim Should Be Dismissed Because He Has Not Alleged Facts to Establish an Failure to Accommodate Claim.

In Counts I and XI, Plaintiff alleges that GEICO failed to engage with the accommodations process, in violation of the ADA and VHRA. *See* FAC at ¶¶ 113-116, ¶¶ 167-172. In order to establish a failure to accommodate claim, Mr. Hickey must establish (1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that he could perform the essential functions of the position with reasonable accommodation; and (4) that the employer refused to make such accommodations. *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 579 (4th Cir. 2015). Failure to accommodate claims brought under the ADA and VHRA are analyzed under the same framework. *See, e.g.*, *Rock v. E. Gas Transmission & Storage, Inc.*, No. 3:25CV6, 2025 WL 1812899, at *4 (E.D. Va. July 1, 2025); *Washington v. Offender Aid & Restoration of Charlottesville-Albemarle, Inc.*, 677 F. Supp. 3d 383, 399 (W.D. Va. 2023).

Plaintiff's contentions are not supported by the allegations in the FAC, and Defendant's motion to dismiss should be granted as to Counts I and XI.[3] Although Plaintiff has successfully alleged the first and second prongs of a failure to accommodate claim, he has failed to allege the third and fourth prongs, entitling GEICO to dismissal. *See, e.g.*, *Ainsworth v. Loudon Cnty. Sch. Bd.*, 851 F. Supp. 2d 963, 981 (E.D. Va. 2012) (dismissing failure to accommodate claim when Plaintiff failed to allege sufficient facts to state all the elements of the claim).

Plaintiff has failed to establish that he could successfully perform the "essential functions" of his customer service role, and that GEICO refused to accommodate him. At the time of his resignation, Plaintiff held the role of Service Representative IV, which requires the ability to interact with customers. *See FAC* at ¶ 18. As Plaintiff acknowledges in the FAC, his own treating doctor noted that Plaintiff had issues engaging with customers, preventing him from fulfilling the basic requirements of the position. *See id.* at ¶ 22.

Plaintiff also fails to allege the fourth prong, that GEICO refused to make reasonable accommodations. Indeed, the FAC demonstrates the opposite: that GEICO engaged with Plaintiff on the question of accommodations, but Plaintiff was simply dissatisfied with the options he was provided. An employer "is not required to provide 'the exact accommodation that the employee requested,' and in the alternative may provide 'an alternate reasonable accommodation' at its discretion." *Smith v. CSRA*, 12 F.4th 396, 414 (4th Cir. 2021) (quoting *Reyazuddin v. Montgomery Cnty., Md.*, 789 F.3d 407, 415 (4th Cir. 2015)). Nor can Plaintiff show unreasonable delay by

[3] To the extent that Plaintiff intends for Count XI to allege that GEICO failed to engage in the interactive process, "such an allegation is properly considered part of a failure to accommodate claim." *See Wells v. BAE Sys. Norfolk Ship Repair*, 483 F. Supp. 2d 497, 511 (E.D. Va.), *aff'd*, 250 F. App'x 552 (4th Cir. 2007) (applying the ADA). An employee cannot base a claim solely on the allegation that the employer failed to engage in the interactive process. *Id.* at 511. Therefore, to the extent Mr. Hickey is making this claim in Count XI, it should be dismissed.

GEICO, as the FAC itself establishes that Plaintiff's request was under active consideration. *See Hannah P. v. Coats*, 916 F.3d 327, 338 (4th Cir. 2019).

Finally, Mr. Hickey's decision to abandon the accommodations process by resigning demonstrates that it was Mr. Hickey, not GEICO, who abandoned the accommodations process. As a result, Plaintiff has not alleged sufficient facts to show that GEICO failed to engage in the accommodations process, and Counts I and XI of the FAC should be dismissed.

**B. Plaintiff's Disparate Impact Claims Should Be Dismissed Because They Fail to Allege Sufficient Facts to Entitle Him to Relief.**

In Counts II, III, and IX of the FAC, Plaintiff attempts to allege a theory of disparate impact under the ADA.[4] *See* FAC at ¶¶ 117-127; 156-161. Although Plaintiff attempts to distinguish the two theories, they are both fatally deficient and deserving of dismissal.[5]

In Counts II and III, Plaintiff alleges that GEICO's facially neutral ratings policy "tended to disadvantage workers whose disabilities affect communication or customer perception." FAC at ¶ 124. Plaintiff also alleges that GEICO's ratings policy "screen[ed] Plaintiff out before qualification review." *See id.* at ¶¶ 119, 125.

To establish a disparate impact claim under § 12112(b)(6) of the ADA a plaintiff must (1) identify the challenged employment practice or policy, (2) demonstrate that the practice or policy had an adverse impact on the plaintiff with a disability, and (3) demonstrate a causal relationship

[4] Although the headers utilized by Plaintiff are contradictory as to whether Plaintiff is alleging disparate impact or disparate treatment theories of liability, the substance of the FAC makes clear that both claims are alleging disparate impact theories of liability. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003) (explaining the difference between disparate treatment and disparate impact theories of liability under the ADA).

[5] Although Plaintiff does not state that Count II is alleged under a disparate impact theory, the language contained in the FAC is the same as Count III, and Count II should be dismissed for the same reasons as Count III.

between the identified practice and the disparate impact. *See Gonzales v. City of New Braunfels, Tex.*, 176 F.3d 834, 839 n.26 (5th Cir. 1999).

At a threshold level, Mr. Hickey has not alleged a facially neutral policy that falls more harshly on one group more than another. See *Sturgill v. Norfolk S. Ry. Co.*, 391 F. Supp. 3d 598, 609 (E.D. Va. 2019). Plaintiff only states that it tended to screen out Plaintiff due to his alleged bipolar manifestations. FAC at ¶ 119. He cannot allege a disparate impact claim by stating that it had a disparate impact on him alone. He must be a qualified individual to make this claim. Mr. Hickey has not provided any facts to show he is a qualified individual. *Sturgill v. Norfolk S. Ry. Co.*, 391 F. Supp. 3d 598 at 609.

Plaintiff fails to allege sufficient evidence to survive a motion to dismiss because he cannot meet the second or third prongs of the claim. Although a disparate impact claim under the ADA does not require statistical evidence like it does under Title VII, a plaintiff "must still present sufficient evidence to support his *prima facie* case." *See Williams v. ABM Parking Servs. Inc.*, 296 F. Supp. 3d 779, 790 (E.D. Va. 2017). Plaintiff instead sticks to conclusory statements which, without more, mean that Counts II and III cannot survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679; *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (affirming dismissal of complaint when Plaintiff failed to "allege sufficient facts to set forth a plausible claim for relief").

Plaintiff takes pains to note that Count IX alleges a different theory of liability than Count III. *See* FAC at ¶ 160. Despite Plaintiff's claim, Count IX is no less deficient, and equally deserving of dismissal. Plaintiff claims that Count IX is limited to "surveys whose customer comment or stated reason, on its face or with the associated recorded call, revealed that an adverse rating arose from disability-linked speech, tone, pace, affect, tics, or psychiatric presentation rather than deficient service." FAC at ¶ 157. However, Plaintiff makes no allegations regarding whether those

surveys exist, or whether Plaintiff was impacted by them. As a result, the foundation of Count IX is too speculative to be permitted, and should therefore be dismissed. *See Twombly*, 550 U.S. at 555 (dismissing claim when Plaintiff's allegations do not rise "above a speculative level").

Plaintiff's citation to *Gentry v. East West Partners Club Management Co.*, 816 F.3d 228, 234–36 (4th Cir. 2016) does not help his case. *Gentry* makes clear that the Plaintiff must establish that his disability was the "but-for" factor in the allegedly discriminatory act. *Id.* at 236.[6] Simply put, to establish a disparate-treatment claim, a plaintiff must show that his or her disability or perceived disability "actually motivated the employer's decision." *Sturgill*, 391 F. Supp. 3d at 608.

Plaintiff fails to allege sufficient facts to establish "but for" causation. Instead, Plaintiff relies on assertions without evidence, which is insufficient to withstand a motion to dismiss. As a result, Count IX should be dismissed.

### C. Plaintiff's ADA and VHRA Discrimination Claims Should Be Dismissed Because He Fails to Allege Sufficient Facts to Entitle Him to Relief.

In Counts IV, VII, and X of the FAC, Plaintiff alleges disability discrimination under the ADA and VHRA. *See* FAC at ¶¶ 128-133; 145-149; 162-166. In order to survive a motion to dismiss under the VHRA, a plaintiff must allege facts that plausibly show (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class(es). *See Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also, e.g.*, *Buck v. Modine Mfg. Co.*, 776 F. Supp. 3d 357, 369 (W.D. Va. 2025). Similarly, in order to state a claim for disability discrimination under the ADA, the Plaintiff must allege, and ultimately prove, that (1) he has a disability, (2) he is a "qualified individual" for the position, and (3) his employer took an adverse

---

[6] Indeed, Plaintiff's citation to *Gentry* is further unhelpful to his claim as *Gentry* stands for the causation standard in an ADA discrimination case, without any allegations of disparate impact. *See* 816 F.3d at 232–33.

employment action (including, but not limited to, termination) because of his disability. *See Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (internal quotation marks omitted).

Plaintiff's ADA discrimination claim should be dismissed because he can neither establish that he was performing his job in a satisfactory manner, nor that GEICO took an adverse employment action against him because of his disability. As discussed throughout the FAC, Plaintiff's performance, as reflected in GEICO's metrics, was not meeting the Company's standards for performance. Furthermore, Plaintiff cannot attribute his own decision to voluntarily resign his employment to actions taken by GEICO.

Plaintiff alleges in Count VII that GEICO's discriminatory conduct led to his constructive discharge. *See* FAC at ¶¶ 145-149. To establish a constructive discharge claim, a plaintiff must demonstrate that "he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 555 (2016). "In assessing intolerability, the frequency of the conditions at issue is important." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 193 (4th Cir. 2019). "[D]ifficult or unpleasant working conditions, without more, are not so intolerable as to compel a reasonable person to resign." *Id.* Plaintiff has not established the "more" that is necessary to successfully plead a constructive discharge case, and as a result, Count VII should be dismissed.

Plaintiff's VHRA discrimination claims should be dismissed because, as discussed above, he cannot establish that he was performing his job in a satisfactory manner, does not allege that GEICO took an adverse employment action against him because of his disability, and also does not allege that he was treated differently than an individual outside of his protected class. Indeed, nowhere in the FAC does Plaintiff make any mention of a comparator who is "similarly-situated

in all respects." *Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir. 2019) (internal citation omitted); *see also Johnson v. Balt. City*, 163 F.4th 808, 818 (4th Cir. 2026) (Comparators must be "similar 'in all *relevant* respects.'") (citations omitted and emphasis in *Johnson*).

Plaintiff does not allege sufficient facts to establish a plausible claim for disability discrimination under either the ADA or VHRA, and as a result, Counts IV, VII, and X of the FAC should all be dismissed.

**D. Plaintiff's Retaliation Claims Should Be Dismissed Because He Has Not Alleged Key Elements of Retaliation Claims Under the Relevant Statutes.**

In Counts V, VII, and XI, Plaintiff attempts to assert claims for retaliation under the ADA (Counts V and VII) and VHRA (Count XI). *See* FAC at ¶¶ 134-149; 167-172.[7] In order to state a claim for retaliation under the statutes, Plaintiff must show that: (1) he engaged in protected activity; (2) an adverse employment action was taken against him; and (3) there was a causal link between the protected activity and the adverse action. *See Jacobs*, 780 F.3d at 572 (ADA); *Moore v. Copper River Shared Servs.*, LLC, 113 Va. Cir. 47, at *7 (Fairfax Cnty. Cir. Ct. Jan. 30, 2024) (defining VHRA elements as "(1) [the plaintiff] opposed an unlawful discriminatory practice, (2) the employer treated the employee differently than other employees who did not oppose the discriminatory practice, and (3) the employee's protected conduct was the "but for" cause of the discriminatory treatment of the employee").

Counts V and VII should be dismissed because Plaintiff fails to allege the second and third prongs; because he cannot prove that an adverse action was taken against him, and therefore cannot prove a causal link.

---

[7] In Count XI of the FAC, Plaintiff cites to Va. Code § 2.2-3905.1(B)(1)-(3) and (5). There is no claim for retaliation under that section of the VHRA. The anti-retaliation provision of the VHRA is found in Va. Code § 2.2-3905(B)(7)(i), which Plaintiff does not cite. As discussed below, Plaintiff also does not set out sufficient facts to allege a retaliation claim under the standard of Va. Code § 2.2-3905(B)(7)(i).

In Count V, Plaintiff attempts to assert two bases for adverse action: that GEICO retaliated against him by changing its conduct towards him and in its response to the VEC regarding Plaintiff's unemployment benefits. *See* FAC at ¶¶ 136-137. Neither of these stand up to scrutiny. Plaintiff's allegation in Paragraph 136 attempts to reframe GEICO's engagement in the accommodations process as retaliation, and Plaintiff's claim that GEICO's VEC response represents retaliation instead represents a fundamental misunderstanding of what can constitute retaliation under the ADA. *See, e.g.*, *Roman v. Cornell Univ.*, 53 F. Supp. 2d 223, 245 (N.D.N.Y. 1999) (explaining that "opposition to plaintiff's application for unemployment benefits" is "not an adverse employment action"). "An employer's reasonable defensive measures do not violate the anti-retaliation provisions of the ADA," yet that is exactly what Count V of the FAC seeks to allege. *See Whalley v. Reliance Grp. Holdings, Inc.*, No. 97 CIV. 4018 (VM), 2001 WL 55726, at *12 (S.D.N.Y. Jan. 22, 2001).

In Count VII, Plaintiff alleges that the adverse action he suffered was his constructive discharge. *See* FAC at ¶¶ 146-147. This argument fails because Plaintiff cannot demonstrate that he suffered a constructive discharge. As discussed above, in order to establish a constructive discharge claim, a plaintiff must demonstrate that "he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 555 (2016). Plaintiff cannot show constructive discharge, and therefore cannot establish an adverse employment action. Plaintiff has not established that his "working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004). As a result, Plaintiff has failed to establish causation, and therefore cannot allege a claim for retaliation

under the ADA. *See Seabrook v. Driscoll*, 148 F.4th 264, 273–74 (4th Cir. 2025) (affirming dismissal of retaliation complaint where Plaintiff failed to allege causation).

Although Plaintiff does not explicitly cite the VHRA's retaliation statute, Va. Code § 2.2-3905(B)(7)(i), in Count XI, any such claim under that section should also be dismissed because he does not allege sufficient facts to build a claim under the section. Plaintiff does not allege the first or second prongs of a VHRA retaliation claim: nowhere in the FAC does Plaintiff allege that he opposed illegal activity by GEICO, nor does he cite to any employees who were treated more favorably than he was. *See* FAC at ¶¶ 167-172. Without those elements, there can be no cause of action for retaliation under the VHRA. Each of Plaintiff's retaliation claims fail to allege sufficient facts to plausibly proceed, and, as a result, should be dismissed.

**E. Plaintiff Cannot Establish a Claim for a Hostile Work Environment Because He Cannot Allege Sufficiently "Pervasive or Severe" Conditions.**

In Count VI of the FAC, Plaintiff alleges that he suffered from a hostile work environment, in violation of the ADA. FAC at ¶¶ 140-144. In order to establish a hostile work environment claim under the ADA, Plaintiff must establish that (1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer. *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001). It is not enough for the Plaintiff to perceive conduct as offensive; he must also satisfy an objective prong by showing that a reasonable person would perceive it the same way. *See, e.g.*, *Jessup v. Barnes Grp., Inc.*, 23 F.4th 360, 368 (4th Cir. 2022).

Plaintiff's allegations are insufficient to establish a claim for a hostile work environment because he cannot establish that he was subject to "severe and pervasive" harassment. The conduct

about which Mr. Hickey complains in the FAC is insufficient to rise to the level of "severe or pervasive" necessary to establish a claim for a hostile work environment. The fact that "Plaintiff subjective perceived abuse" is insufficient to establish a hostile work environment, because the standard also contains an objective component. *See, e.g.*, *Wiggins v. DaVita Tidewater, LLC*, 451 F. Supp. 2d 789, 800 (E.D. Va. 2006). Nothing in the FAC reflects the type of conduct that a "reasonable person" would find offensive, which is a necessary component of a hostile work environment claim. Plaintiff has not alleged the type of "deeply repugnant, humiliating treatment proscribed by the ADA." *Rozier-Thompson v. Burlington Coat Factory Warehouse of Pocono Crossing, Inc.*, No. CIV A 3:05CV456-JRS, 2006 WL 1889651, at *7 (E.D. Va. July 7, 2006). Indeed, even if Plaintiff could demonstrate that GEICO intended to force him out (and he cannot), he would still be unable to prove a hostile work environment claim because he cannot show that working at GEICO was "objectively intolerable." *Heiko*, 434 F.3d 263. Because Plaintiff has failed to allege the necessary elements of a hostile work environment claim, Count VI of the FAC should be dismissed.

### F. Plaintiff Has Failed to Allege That GEICO Interfered with His Exercise of Rights Under the ADA.

In Count VIII of the FAC, Plaintiff alleges that GEICO interfered with Plaintiff's attempts to exercise his rights under the ADA. *See* FAC at ¶¶ 150-155. To establish a case of ADA interference, a Plaintiff must demonstrate that he (1) engaged in activity statutorily protected by the ADA; (2) was engaged in, or aided or encouraged others in, the exercise or enjoyment of ADA protected rights; (3) the defendants coerced, threatened, intimidated, or interfered on account of his protected activity; and (4) the defendants were motivated by an intent to discriminate. *Pitts-Brown v. Renal Treatment Centers-Mid Atl., Inc.*, No. 2:21-CV-232, 2022 WL 16951329, at *8 (E.D. Va. Nov. 15, 2022); *see also Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550-51 (7th

Cir. 2017); *Kelly v. Town of Abingdon*, 437 F. Supp.3d 517, 528 (W.D. Va. 2020). Plaintiff cannot establish a claim of ADA Interference because he cannot establish the third or fourth prongs of the claim.

Plaintiff has not alleged that GEICO "coerced, threatened, intimidated, or interfered" with his exercise of rights under the ADA. Plaintiff exercised his rights to seek accommodations under the ADA, and GEICO engaged with him in that process. The FAC cites GEICO's VEC response after the end of Plaintiff's employment as evidence of interference, but such a response by GEICO would stretch the purpose of the ADA's interference clause beyond its limits. *See Smith v. Wormuth*, No. 1:20-CV-00419-JRR, 2024 WL 2881334, at *6 (D. Md. June 7, 2024), *aff'd sub nom. Smith v. Driscoll*, No. 24-1577, 2025 WL 2622572 (4th Cir. Sept. 11, 2025) (echoing Ninth Circuit's caution against adopting "too broad a reading of the ADA's interference provision").

Plaintiff also has not alleged any intent to discriminate on the part of GEICO; nothing in the FAC "raise[s] his interference claim above the speculative level." *See Kelly*, 437 F. Supp. 3d at 529. As a result, Count VIII of the FAC should be dismissed.

## IV. CONCLUSION

Plaintiff's First Amended Complaint should be dismissed in its entirety because every claim contained therein fails to state plausible avenues for relief. Defendant respectfully requests that the Court enter an Order granting its Motion, dismissing the First Amended Complaint with prejudice, and awarding Defendant such other relief as the Court deems just and proper.

Dated: September 22, 2026

Respectfully submitted,

/s/*Yvette V. Gatling*
Yvette V. Gatling (VSB No. 92824)
ygatling@littler.com
Benjamin P. Constine (VSB No. 96925)
bconstine@littler.com
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102
Telephone: 703.286.3143
Facsimile: 703.842.8211

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of September, 2026 a true copy of the foregoing was served by email and first-class mail on all parties of record, addressed as follows:

Joseph L. Hickey III
7823 Richfield Road
Springfield, VA 22153
hopelikefire1@gmail.com

*/s/ Yvette V. Gatling*
Yvette V. Gatling