**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOSEPH L. HICKEY III,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GOVERNMENT EMPLOYEES INSURANCE COMPANY D/B/A GEICO,**<br><br>**Defendant.** | **Civil Action No. 1:26-cv-2459-LMB-WEF** |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Government Employees Insurance Company ("GEICO" or "Defendant") moved to dismiss the First Amended Complaint ("FAC") (ECF No. 8) brought by Plaintiff Joseph L. Hickey III ("Plaintiff" or "Mr. Hickey") (ECF Nos. 9, 10). In his Opposition to Defendant's Motion to Dismiss (ECF No. 16), Plaintiff not only misconstrues GEICO's arguments, but overstates the extent to which the FAC pleads enough facts to successfully entitle him to relief, and downplays the degree to which the FAC needs to allege, from the beginning, enough information to meet basic pleading standards before the litigation can proceed. *See generally* Opp'n. As a result, the FAC should be dismissed, and Plaintiff's request to amend his complaint a second time should be denied.

## I. GEICO Does Not Allege a Separate Set of Facts and Does Not Ask the Court to Adopt Competing Inferences

Plaintiff claims that GEICO "asks the Court to adopt its competing inferences" in the Opposition. Opp'n 2. GEICO's memorandum did nothing of the sort. *See* Def.'s Mem. 1-3. GEICO readily accepts that, at the motion to dismiss stage, Plaintiff's factual assertions need to be accepted as true. *See Couch v. City of Virginia Beach*, 768 F. Supp. 3d 741, 750 (E.D. Va. 2025). What

GEICO does not need to accept, and what the Court does not need to accept either, is any legal assertions drawn from those facts. *See E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

What Plaintiff calls GEICO's "competing inferences" are, in fact, examples of Plaintiff's failure to allege sufficient facts to allege that he is entitled to relief. Plaintiff may assert in the Opposition that "proof comes later", but by doing so he fails to grapple with the fact that, as Plaintiff, he is required in the FAC to "allege facts to satisfy the elements of a cause of action created by [the operative] statute." *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)); *see also Hoffman v. Inova Health Care Servs.*, 169 F.4th 207, 214 (4th Cir. 2026) (evaluating Plaintiff's claim under the ADA specifically). As discussed at length in Defendant's Memorandum, and again below, Plaintiff fails to do so, and therefore, the FAC should be dismissed in its entirety.

## II. Plaintiff's Failure to Accommodate Claim Should Still Be Dismissed

### A. State and Federal Failure to Accommodate Claims are Evaluated Under the Same Framework

Plaintiff claims that Counts I and XI should be analyzed separately because they are alleged under state and federal statutes. *See* Opp'n 2. Plaintiff's claim ignores the fact that, as discussed in Defendant's Memorandum, failure to accommodate claims brought under the ADA and VHRA are analyzed under the same framework because of the similar language used in both statutes. *See, e.g.*, *Rock v. E. Gas Transmission & Storage, Inc.*, No. 3:25CV6, 2025 WL 1812899, at *4 (E.D. Va. July 1, 2025); *Washington v. Offender Aid & Restoration of Charlottesville-Albemarle, Inc.*, 677 F. Supp. 3d 383, 400 (W.D. Va. 2023); *see also* Def.'s Mem. 4.

Plaintiff fails to understand that when state and federal statutes use the same language, they can be analyzed together. Indeed, it is well-established that to "insist that these substantively identical statutes be independently cited would serve no rationale purpose." *See Flippo v. Am. Home Prods. Corp.*, 59 F. Supp. 2d 572, 578 (E.D. Va. 1999). Nothing in either Plaintiff's Opposition nor the FAC shows why either of Plaintiff's failure to accommodate claims should proceed under the framework applicable to both statutes. Although Plaintiff criticizes GEICO's citation to *Jacobs v. North Carolina Administrative Office of the Courts*, 780 F.3d 562, 579 (4th Cir. 2015) for the elements of a failure to accommodate claim at the pleadings stage, such an argument is simply incorrect. *See, e.g.*, *Ainsworth v. Loudon Cnty. Sch. Bd.*, 851 F. Supp. 2d 963, 980 (E.D. Va. 2012) (listing same elements at motion to dismiss stage). Under the framework cited in *Jacobs* and reiterated by other cases, Plaintiff's claims should be dismissed.

### B. GEICO Does Not Concede That Plaintiff Alleges He Could Perform the Essential Functions of His Job

The FAC does not plausibly allege that Plaintiff could perform the essential functions of his role, and therefore the claim should be dismissed. Plaintiff claims that the FAC adequately alleges that he was capable of performing the essential functions of his role. *See* Opp'n 4-5. Contrary to Plaintiff's assertions, this is not alleged by the facts in the FAC. This failure is made apparent by the arguments Plaintiff makes in the Opposition. Plaintiff admits in both the Opposition and the FAC that he struggled with customer service. *See* Opp'n 4; FAC ¶¶ 21–23.

The allegations in the FAC corroborate GEICO's position that Plaintiff was not fulfilling the essential functions of the role. Plaintiff claims in the FAC that customer satisfaction scores from another employer show he could perform the essential functions of the role at GEICO. *See* FAC ¶ 24. Plaintiff then contradicts this argument by acknowledging in the Opposition that these other scores "do not alone resolve qualification for the GEICO positions at issue." Opp'n 4.

Nowhere in the FAC does Plaintiff allege which job functions fail to "bear more than a marginal relationship to the job at issue" and therefore are not essential. *See Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994) (internal quotation marks omitted). In evaluating essential functions, "the employer's judgment of the essential functions must be considered." *Stephenson v. Pfizer, Inc.*, 641 F. App'x 214, 220 (4th Cir. 2016). The FAC itself demonstrates that GEICO did not believe Plaintiff was capable of fulfilling the essential functions of the role, and Plaintiff does not allege differently. As a result, he has failed to meet the elements of the claim.[1]

## III. Plaintiff's Claims in Counts II, III, and IX Should Be Evaluated as Disparate Impact Claims

In the Opposition, Plaintiff claims that GEICO has improperly categorized Counts II, III, and IX together as disparate impact claims, rather than separating them out individually.[2] This misstates GEICO's approach in the Defendant's Memorandum. *See* Def.'s Mem. 6-8. GEICO did treat Plaintiff's claims separately, and demonstrated why the allegations in the FAC failed to plausibly show that Plaintiff was entitled to relief on any of the three claims. *See id.*

[1] Plaintiff also misstates the purpose for which Defendant cites *Hannah P. v. Coats*, 916 F.3d 327, 338 (4th Cir. 2019). Contrary to Plaintiff's assertion, *Coats* is cited for the proposition that "the FAC itself establishes that Plaintiff's request was under active consideration" and that GEICO was not unreasonably delaying consideration of Plaintiff's request. *See* Def.'s Mem. 5-6 (citing *Coats*, 916 F.3d at 338 ("[T]he record demonstrates that Hannah's supervisors were actively considering her request for leave during that time[.]")).

[2] In the Opposition, Plaintiff also chides GEICO for referencing Plaintiff's own titling of Count IX as a "Disparate Treatment" claim. *See* Opp'n 3. This was a reference to Plaintiff's own categorization. *See id.* (citing FAC). To the extent that Plaintiff seeks to plead a disparate treatment claim, it is clear that all three counts are better evaluated as disparate impact claims. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003) (explaining the difference between disparate treatment and disparate impact theories of liability under the ADA). Even if Plaintiff were plead it correctly as a disparate treatment claim, Plaintiff has not pled sufficient facts to state a claim. *Sturgill*, 391 F. Supp. 3d at 603.

### A. Counts II and III of the FAC Fail to Allege That GEICO's Policies Unfairly Disadvantage One Group More Than Others

Plaintiff's allegations in Counts II and III of the FAC are centered around the same premise: that GEICO's facially neutral ratings policy "tended to disadvantage workers whose disabilities affect communication or customer perception." FAC ¶ 124. Plaintiff also alleges that GEICO's ratings policy "screen[ed] Plaintiff out before qualification review." *See id.* at ¶¶ 119, 125.

Plaintiff cites *Sturgill v. Norfolk Southern Railway Co.*, 391 F. Supp. 3d 598, 609–10 (E.D. Va. 2019) for the proposition that "an individual challenge to a qualification standard under § 12112(b)(6) when facts support either that the standard is unrelated to an essential function or that an exception would be a reasonable accommodation." Opp'n 8. Even assuming, *arguendo*, that Plaintiff has done so (and, as discussed at length, he has not), Plaintiff has failed to establish that GEICO's policy is a "facially neutral policy that falls more harshly on one group than another." *Sturgill*, 391 F. Supp. 3d at 609. Plaintiff can claim that he "need not represent a class" (Opp'n 8) but he still needs to allege the essential elements of the claim; because he fails to do so, Count II should be dismissed.

Count III suffers from the same infirmities as Count II. Plaintiff cannot magically save a claim from dismissal by calling accusations "concrete" when they are, in fact, nothing more than unproven allegations. *See* Opp'n 9. "Even though a plaintiff need not plead a prima facie case to survive a motion to dismiss," he must still establish the basic elements of his claim. *See Manning v. N.C. State Univ.*, 724 F. Supp. 3d 438, 454 (E.D.N.C. 2024); *see also Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (affirming dismissal of complaint when Plaintiff failed to "allege sufficient facts to set forth a plausible claim for relief"). Plaintiff still fails to allege that GEICO's composite test treated any one group more harshly. As a result, Counts II and III should be dismissed.

### B. Count IX Lacks the Factual Foundation to Proceed

Plaintiff argues that Count IX "is narrower than Count III" because "it alleges GEICO knowingly counted ratings whose comments or calls disclosed disability bias, adopting it in rankings and employment decisions." Opp'n 10. This argument, and the paragraphs in the FAC to which it cites, are nothing more than supposition on the part of Plaintiff. Plaintiff does not offer sufficient evidence about the existence of these surveys or their inclusion in decision-making and therefore Count IX cannot stand. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (dismissing claim when Plaintiff's allegations do not rise "above the speculative level").[3]

## IV. Plaintiff Does Not Allege a Hostile Work Environment.

Count VI of the FAC alleges that Plaintiff suffered from a hostile work environment, in violation of the ADA. FAC ¶¶ 140-144. In the Opposition, Plaintiff claims that he met the "severe and pervasive" standard necessary to allege such a claim. Opp'n 14. An examination of the FAC shows that such an argument is incorrect, and that Count VI should be dismissed.

In order to meet the "severe and pervasive" standard, Plaintiff must show that a reasonable person would perceive the offensive conduct the same way the Plaintiff perceives it. *See, e.g.*, *Jessup v. Barnes Grp., Inc.*, 23 F.4th 360, 368 (4th Cir. 2022). Nowhere in the FAC or Opposition does Plaintiff demonstrate that the conduct about which he complains meets that standard. Plaintiff faults GEICO for not conducting a statement-by-statement analysis in Defendant's Memorandum, but that is because those statements do not need to be analyzed individually. The statements described by Plaintiff in the FAC "largely describe personnel actions with which [he] disagreed,

[3] Plaintiff's citation to *Chaney v. Plainfield Healthcare Center*, 612 F.3d 908, 913–15 (7th Cir. 2010) has absolutely no bearing on this case. *Chaney* is an out of circuit case applying a different statute in a different industry. *See id.* No analysis of *Chaney*, a case which "pits a health-care worker's right to a non-discriminatory workplace against a patient's demand for white-only health-care providers," is of value in evaluating whether Plaintiff states a claim for relief. *See id.* at 910.

not harassment that inflicted the kind of humiliation, ridicule, or intimidation that generally characterizes severe or pervasive harassment." *See Gagnon v. Bd. of Educ. of Montgomery Cnty.*, 760 F. Supp. 3d 359, 375 (D. Md. 2024). As a result, they fail to meet the standard necessary to support a hostile work environment claim and therefore Count VI of the FAC should be dismissed.

**V. Plaintiff's Inability to Allege Constructive Discharge Dooms Multiple Claims**

Plaintiff built multiple claims in the FAC around the idea that he suffered an adverse employment action by being constructively discharged. Indeed, Counts IV, V, VII, X, and XI should all be dismissed because Plaintiff has failed to allege that he was constructively discharged, and therefore Plaintiff cannot allege the necessary elements of the underlying claims.

Plaintiff notes that "deliberateness is no longer a component of constructive discharge." Opp'n 16. GEICO agrees, and the claims in the FAC relying on constructive discharge should be dismissed because they do not allege facts to meet the current standard for alleging a constructive discharge claim. *See, e.g.*, Def.'s Mem. 9, 11-12 (arguing Plaintiff fails to allege constructive discharge under current standard). Plaintiff cannot show constructive discharge because the facts in the FAC are insufficient to show that "[Plaintiff] was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 555 (2016); *see also Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004) (requiring that Plaintiff establish that "working conditions" were "so intolerable that a reasonable person in the employee's position would have felt compelled to resign").

Plaintiff claims that the FAC "alleges more than a disappointing score or an ungranted transfer" and therefore is sufficient to allege a constructive discharge. *See* Opp'n 16. Contrary to Plaintiff's belief, this phrasing understates what he needs to allege. Plaintiff has not alleged that he had "no choice" but to resign, which is the standard necessary to establish a constructive discharge. *See, e.g.*, *Mais v. Albemarle Cnty. Sch. Bd.*, 657 F. Supp. 3d 813, 829 (W.D. Va. 2023).

In the FAC, Plaintiff has failed to allege how any of the problems he lists would "compel a reasonable person to resign." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 193 (4th Cir. 2019). Plaintiff does not provide any support for how the facts alleged in the FAC would meet this standard, and instead impermissibly seeks to have this Court draw the conclusion for him. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("District judges are not mind readers.").

Without being able to allege constructive discharge, Plaintiff cannot successfully allege any discrimination or retaliation claims, because he cannot show an adverse employment outcome.[4] As a result, Counts IV, V, VII, X, and XI should all be dismissed for lacking essential elements of the claims.

## VI. Plaintiff Fails to Allege Interference with His ADA Rights

A plaintiff who alleges interference with rights under the ADA must meet four elements, and Plaintiff fails to meet them. *See Pitts-Brown v. Renal Treatment Centers-Mid Atl., Inc.*, No. 2:21-CV-232, 2022 WL 16951329, at *8 (E.D. Va. Nov. 15, 2022). He cannot show that GEICO "coerced, threatened, intimidated, or interfered" with his exercise of rights under the ADA, nor has he satisfactorily alleged that GEICO intended to discriminate against him on the basis of his disability. As a result, Count VII of the FAC should be dismissed.

Plaintiff's claim that "the post-employment VEC allegations in" Paragraph 154 of the FAC "should be assessed on their own allegations" does not make sense and does not support an interference claim. Opp'n 18. Employers are within their rights to litigate claims before an

---

[4] Plaintiff additionally dismisses GEICO's argument that his failure to include proper comparators is not harmful to his discrimination claims. *See* Opp'n 18-19. Once again, Plaintiff fails to comprehend that he must allege a baseline level of factual allegations, and his (admitted) failure to include comparators, while not fatal by itself, is indicative of the overall failure of proof underlying the entire FAC.

unemployment agency, and arguing to the contrary does not represent the type of conduct the ADA was designed to prevent. Plaintiff's claim that the Court should assess Count VIII's pleaded "than say no coercion, threat, or interference is alleged" means that the Court should ignore the fact that he does not allege basic elements of the claim; making such an argument is antithetical to the Court's role at the 12(b)(6) stage. *Id.*; *See Pitts-Brown*, 2022 WL 16951329, at *9 (dismissing claim when Plaintiff failed to allege essential elements of interference claim).

## VII. Plaintiff's Request For Leave to File a Second Amended Complaint Should Not Be Granted

Plaintiff requests that, in the alternative to dismissing the FAC with prejudice, the Court grant him leave to amend his Complaint a second time. Opp'n 19. This request should be denied.[5]

Leave to amend should be denied when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). An amendment is futile if the amended complaint would not state a claim upon which relief could be granted. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Plaintiff has not given this Court any indication that he can cure the deficiencies described through Defendant's filings to dismiss the FAC, and the tenor he has taken throughout this briefing does not demonstrate an awareness of his obligation to meet certain pleading standards. *See* Opp'n 3 ("[P]roof comes later."). As a result, giving Plaintiff leave to amend would be futile, and a waste of judicial resources.

## VIII. Conclusion

For the foregoing reasons, and the reasons set forth in Defendant's opening memorandum of law, Defendant respectfully requests that the Court grant its Motion to Dismiss in full, deny

[5] Although Plaintiff has not filed a formal motion to amend, GEICO will treat his request at Opp'n 19 as such a request for purposes of this filing.

Plaintiff leave to further amend, dismiss this matter with prejudice, and award Defendant such other relief as the Court deems just and proper.

Dated: October 9, 2026

Respectfully submitted,

/s/*Yvette V. Gatling*
Yvette V. Gatling (VSB No. 92824)
ygatling@littler.com
Benjamin P. Constine (VSB No. 96925)
bconstine@littler.com

LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone: 703.286.3143
Facsimile: 703.842.8211

*Counsel for Defendant*
*Government Employees Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2026 a true copy of the foregoing was served by email and first-class mail on all parties of record, addressed as follows:

Joseph L. Hickey III
7823 Richfield Road
Springfield, VA 22153
hopelikefire1@gmail.com

*/s/ Yvette V. Gatling*
Yvette V. Gatling